Filed 10/11/24  P. v. Epps CA4/2
*See Dissenting Opinion*

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHARLES NATHAN EPPS,<br><br>Defendant and Appellant. | E082642<br><br>(Super.Ct.No. RIF1100036)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

David M. McKinney, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

1

At a resentencing hearing pursuant to Penal Code section 1172.75,[1] the court denied defendant and appellant Charles Nathan Epps's motion to strike his prior prison term enhancements. On appeal, defendant contends this court should reverse the order and remand the matter to the trial court with directions to hold a full resentencing hearing. We affirm.[2]

## I. PROCEDURAL BACKGROUND

On December 12, 2011, a jury convicted defendant of assault with intent to commit rape (§ 220, count 1) and battery by a prisoner on a nonprisoner (§ 4501.5, count 2). In a bifurcated proceeding thereafter, defendant admitted having suffered three prior strike convictions (§ 667, subds. (c) & (e)(2)(A)) and four prior prison terms (§ 667.5, subd. (b)). The court sentenced him to prison for 25 years to life; the court imposed but stayed sentence on the prior prison term enhancements.

---

[1] All further statutory references are to the Penal Code.

[2] In our original tentative opinion, we proposed to dismiss the appeal for lack of jurisdiction because defendant had failed his burden of producing a record that established the proceeding below was initiated by the California Department of Corrections and Rehabilitation (CDCR). (*People v. Cota* (2023) 97 Cal.App.5th 318, 332 ["[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the [CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. [Citation.]"]; accord, *People v. Newell* (2023) 93 Cal.App.5th 265, 268; accord, *People v. Burgess* (2022) 86 Cal.App.5th 375, 382.) In response, appellate counsel filed a motion to augment the record with documents reflecting that the proceedings were initiated by a list of persons identified by the CDCR as eligible for section 1172.75 relief. We granted the motion, withdrew our tentative opinion, and permitted the parties to file supplemental briefing.

On November 15, 2023, at a hearing at which defendant was represented by counsel, the court denied defendant's request for resentencing pursuant to section 1172.75. The court based its ruling on this court's decision in *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted February 21, 2024, S283169.

## II. DISCUSSION

Defendant contends this court should reverse and remand the matter with directions to the trial court to hold a full resentencing hearing. The People maintain we should affirm the trial court's order in reliance on *Rhodius*. We affirm.

Senate Bill No. 483 (Sen. Bill 483) (2021-2022 Reg. Sess.) added section 1171.14 to the Penal Code (Stats. 2021, ch. 728), which the legislature subsequently renumbered, without substantive change, as section 1172.75 (Stats 2022, ch. 58, § 12, eff. June 30, 2022). (*Rhodius*, *supra*, 97 Cal.App.5th at p. 42.) "Section 1172.75, subdivision (a), states that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.' [Citation.] Section 1172.75 instructs the CDCR to identify those persons in their custody currently serving a term for a judgment that includes an enhancement under section 667.5(b) (excluding sexually violent offenses) and provide such information to the sentencing court that imposed the enhancement. [Citation.] Subsequently, the sentencing court 'shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).' [Citation.] 'If the court determines that the current

3

judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' [Citation.]" (*Ibid.*)

"Section 1172.75 subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence. The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here. To interpret 'imposed' as used in section 1172.75, subdivision (a), to include when a sentence was 'imposed and stayed' would require any sentencing court faced with an 'imposed and stayed' enhancement to arbitrarily lower a sentence simply because the judgment contained a stayed enhancement." (*Rhodius*, *supra*, 97 Cal.App.5th at p. 44; contra, *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282-1283 [Defendant entitled to full resentencing hearing where section 667.5 enhancement was imposed and stayed]; accord, *People v. Christianson* (2023) 97 Cal.App.5th 300, 316, fn. 8., review granted Feb. 21, 2024, S283189; accord, *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1278, review granted Mar. 12, 2024, S283547; accord, *People v. Mayberry* (2024) 102 Cal.App.5th 665, 674, review granted Aug. 14, 2024, S285853; accord, *People v. Espino* (2024) 104 Cal.App.5th 188, 196; see *People v. Gray* (2024) 101 Cal.App.5th 148, 167 & fn. 14 ["Other courts to have considered this question have focused on the meaning of the term 'imposed,' and have disagreed with *Rhodius*."].)

Here, like in *Rhodius*, the trial court imposed but stayed punishment on the prior prison term enhancements. Thus, since striking the prior prison term enhancements would not result in a lesser sentence than the one originally imposed as required by section 1172.75, subdivision (d)(1), the court properly denied defendant's motion. (*Rhodius*, *supra*, 97 Cal.App.5th at p. 44; *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Defendant argues that we are not bound by *Rhodius*. However, "Absent a compelling reason, the Courts of Appeal are normally loath to overrule prior decisions from another panel of the same undivided district or from the same division." (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9.) *Rhodius* is a decision of this appellate division.

Nonetheless, defendant essentially argues that the majority view of the appellate courts set forth in *Renteria*, *Christianson*, and *Saldana* comprise a "compelling reason" to depart from this court's decision in *Rhodius*.[3] We disagree.

In analyzing the legislative history of Senate Bill 483, this court in *Rhodius* observed that the legislature was primarily concerned with providing relief to those who had served time on rulings deemed unfair, on separating inmates from their families, and on the costs to the state of incarceration. (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 46-48.) "The findings, costs, and ramifications of . . . Senate Bill 483 cited during the legislative sessions presuppose inmates who are serving additional time as a result of the sentencing

---

[3] *Mayberry* and *Espino* were decided after briefing in this case.

5

enhancement under section 667.5[, subdivision] (b).  The references to financial and familial burdens do not logically follow if a defendant is not actually serving additional time as the result of an imposed and executed sentence associated with a section 667.5[, subdivision] (b) prior.  As such, to interpret the statute to include enhancements that were imposed and stayed would be contrary to the legislative intent and the plain language of the statute." (*Id*. at pp. 48-49.)

Here, since the court did not execute sentence on the prior prison term enhancements, striking those enhancements would not promote the legislative concerns in passing Senate Bill 483; in other words, striking the enhancements would not provide a lessened term for defendant, would not enable him to reunify with his family, and would not result in any cost savings to the state.  We continue to agree with this court's decision in *Rhodius* and disagree with the courts in *Renteria*, *Christianson*, *Saldana, Mayberry*, *and Espino*.

## III.  DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

I concur:

MILLER
J.

6

[*People v. Epps*, E082642]

MENETREZ, J., dissenting:

I am persuaded by the analysis in *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189, and similar cases. I consequently disagree with the approach taken by *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169. Because review is pending in all of the relevant cases, they have "no binding or precedential effect, and may be cited for potentially persuasive value only." (Cal. Rules of Court, rule 8.1115(e)(1).) Because I agree with *Christianson* and similar cases, I would reverse and remand for resentencing under Penal Code section 1172.75, subdivision (d).

MENETREZ
J.

1